**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | | |
|---|---|---|---|
| Bobbie Glen Cole Scott, | ) | No. | CV 09-1882-PHX-JAT (Lead) |
| | ) | | CV 09-1883-PHX-JAT (Cons) |
| Plaintiff, | ) | | CV 09-1884-PHX-JAT (Cons) |
| | ) | | CV 09-1885-PHX-JAT (Cons) |
| vs. | ) | | |
| | ) | **ORDER** | |
| | ) | | |
| State of Arizona; United States of | ) | | |
| America, | ) | | |
| | ) | | |
| Defendants. | ) | | |
| | ) | | |
| _____ | ) | | |

After Order of the Court (Doc. #15), Plaintiff filed his Amended and Consolidated Complaint on October 13, 2009 (Doc. #16). Plaintiff named the State of Arizona as the sole Defendant in the Amended Complaint. On December 8, 2009, Defendant moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) on Eleventh Amendment immunity grounds (Doc. #22).

The Eleventh Amendment provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. Under the Eleventh Amendment, States are immune from suit in federal court for state or federal causes of action by private parties. *In re Mitchell*, 209 F.3d 1111, 1115-16 (9th Cir. 2000), overruled in part on other grounds, *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000).

Although Eleventh Amendment immunity is not absolute, the United States Supreme Court has recognized only two circumstances under which an individual may sue a State. *College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). First, Congress may authorize suit against the States in the exercise of its power to enforce the Fourteenth Amendment. *Id*. Second, a State may waive its sovereign immunity by consenting to suit. *Id*. If Congress has not abrogated Arizona's Eleventh Amendment immunity for purposes of this suit and Arizona has not waived that immunity, then the Court lacks jurisdiction over this case. *Id*. at 691.

For Congress to abrogate state sovereign immunity, it must both: "(1) unequivocally express its intent to do so, and (2) act pursuant to a valid exercise of power." *Hibbs v. Dep't of Human Res.*, 273 F.3d 844, 850 (9th Cir. 2001). To abrogate immunity, a statute or its legislative history must indicate clear Congressional intent to abrogate. *Los Angeles Branch NAACP v. Los Angeles Unified Sch. Dist.*, 714 F.2d 946, 950 (9th Cir. 1983). And Congress cannot abrogate state immunity when acting pursuant to its Article I powers, but can abrogate state immunity by means of its enforcement power under section 5 of the Fourteenth Amendment. *Hibbs*, 273 F.3d at 850.

For a State to waive its sovereign immunity, it must express its consent to suit unequivocally. *Id*. at 851. A State cannot constructively waive its Eleventh Amendment immunity. *Id*.

Plaintiff's Amended Complaint appears to allege a claim for denial of due process pursuant to the Fourteenth Amendment. At the very end of the Amended Complaint, Plaintiff also attempts to accuse Defendant of "Felony auto theft, Felony kidnap and Robbery, Fraud, Entrapment, Discrimination, Endangerment by fear of dangerous out [sic] come to Mr. Scott."[1] (Doc. #16, p.8.)

---

[1] Even if the Court had jurisdiction over this case, it could not entertain criminal accusations against the State of Arizona. And Plaintiff has not alleged any facts to support a claim for fraud or discrimination. Plaintiff therefore could not state a claim for fraud or discrimination.

1 | Plaintiff has not named a statute in which Congress clearly abrogated state immunity that applies to this case. To the extent the Court Plaintiff attempts to allege a claim under 42 U.S.C. §1983, the claim fails on Eleventh Amendment immunity grounds. Section 1983 does not lift the Eleventh Amendment immunity bar. *Los Angeles Branch NAACP*, 714 F.2d at 950. Nor does the Fourteenth Amendment, by itself, abrogate Eleventh Amendment immunity. *Id.* at 950 n.5. Congress must act affirmatively under its Fourteenth Amendment powers to waive immunity. *Id.* The Court finds that Congress has not abrogated Eleventh Amendment immunity in this case.

Plaintiff has not argued that Arizona waived its sovereign immunity, and the Court finds no evidence of waiver. Defendant raised the immunity issue at the first available opportunity. The Court therefore finds that Arizona has not waived Eleventh Amendment immunity in this case.

Because the Court finds that Congress has not abrogated Eleventh Amendment immunity and the State of Arizona has not waived that immunity, the Court lacks jurisdiction to adjudicate this case. The Court therefore grants Defendant's Amended Motion to Dismiss without leave to amend.

Accordingly,

IT IS ORDERED GRANTING Defendant's Amended Motion to Dismiss (Doc. #22).

IT IS FURTHER ORDERED DENYING as moot any other pending motions.

DATED this 1st day of June, 2010.

James A. Teilborg
United States District Judge